**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|    *Respondent/Plaintiff*, | ) | |
| | ) | |
| v. | ) | **09-CR-060-JHP** |
| | ) | (Case No: 10-CV-202-JHP) |
| **PORFIRIO GATICA-RODRIGUEZ,** | ) | |
| | ) | |
|    *Petitioner/Defendant*. | ) | |

## ORDER AND OPINION

Before the Court are the Petitioner Porfirio Gatica-Rodriguez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. No. 1], and Memorandum of Law and Brief in Support of § 2255 Motion [Civ. Doc. No. 2], and the Government's Response in Opposition to § 2255 Motion [Civ. Doc. No. 3]. Gatica-Rodriguez alleges that he received ineffective assistance of counsel for which he is entitled to relief. For the reasons cited herein, Gatica-Rodriguez's motion is **DENIED.**

## BACKGROUND

On June 18, 2009, a grand jury in the Eastern District of Oklahoma returned an indictment charging Petitioner Porfirio Gatica-Rodriguez ("Petitioner") with one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). The count arose from a traffic stop that occurred on May 26, 2009, wherein a vehicle in which Petitioner was passenger was stopped while traveling eastbound on U.S. Interstate 40 in Sequoyah County, Oklahoma. During the stop, Oklahoma Highway Patrol Trooper Cody Hyde asked the driver, Domingo Becerra, and Petitioner for permission to search the car. Both Becerra and Petitioner consented to the search, which yielded two plastic bags containing

approximately three pounds of a substance that tested positive for methamphetamine.

On August 24, 2009, Petitioner pled guilty to the indictment. As part of the plea agreement, Petitioner waived his right to direct appeal and his right to "collaterally attack the conviction and sentence under to 28 U.S.C. § 2255," except for ineffective assistance of counsel claims challenging the validity of the guilty plea or the rights waiver. [Crim. Doc. No. 36]

On March 31, 2010, the Court sentenced Petitioner to 262 months imprisonment in the custody of the U.S. Bureau of Prisons on the single count. Petitioner was ordered to serve an additional 60 months on supervised release. Further, Petitioner was ordered to pay a $100.00 special assessment. The Judgment and Commitment was filed on April 12, 2010.

## **DISCUSSION**

As his sole proposition of error, Petitioner alleges his attorney provided ineffective assistance in failing to file an appeal when Petitioner specifically requested him to do so.[1] While the deprivation of a desired appeal would typically support a claim of ineffective assistance of counsel (*see* Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)), Petitioner's claim for collateral relief through § 2255 fails due to his valid waiver of appeal in the Plea Agreement.

The record reflects that Petitioner signed a Plea Agreement which stated:

> In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:
> a.     the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);
> b.     the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

---

[1]There is evidence in the record contrary to Petitioner's claim that he requested an appeal. In accordance with the Judgment, Petitioner's attorney Robert Ridenour filed an affidavit describing his consultation with Petitioner regarding the possibility of appeal. Ridenour stated that he informed Petitioner of the advantages and disadvantages of appealing the conviction and subsequently Petitioner "did not desire an appeal." [Crim. Doc. No. 45]

> . . .
> d.     the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on Ineffective [*sic*] assistance of counsel which challenge the validity of the guilty plea or this waiver;
>
> . . . .
>
> The defendant expressly acknowledges that counsel has explained defendant's trial, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

[Crim. Doc. No. 36]

The Tenth Circuit has recognized that "it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or plea waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). "In deciding whether an issue was waived, a court conducts a three-pronged analysis to determine '(1) whether the disputed appeal falls within the scope of the waiver of appellate [or collateral attack] rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.'" United States v. Smith, 371 F. App'x 901, 904 (quoting United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam)).

Petitioner's collateral attack falls within the scope of the waiver of appellate rights. In *United States v. Smith*, the Tenth Circuit upheld a district court's denial of a § 2255 motion where the Petitioner raised ineffective assistance of counsel claims. *See* 371 F. App'x 901, 903, 905 (10th Cir., 2010). The Petitioner in *Smith* alleged his counsel was ineffective by failing to object to the content of the presentence report and failing to advise him of his rights to appeal, among other claims. *Id.* at 903. The Tenth Circuit agreed with the District Court that these issues "were within the scope of the waiver because neither claim challenged the validity of the plea or waiver." *Id.* at 904 (*citing* Cockerham, 237 F.3d at 1187). This case closely resembles *Smith*. Petitioner's plea agreement clearly included a waiver of any direct or collateral appeal including claims for

ineffective assistance of counsel other than those which challenge the validity of the guilty plea or the waiver of his rights. Petitioner never alleges that his counsel's ineffectiveness affected the validity of the Plea Agreement or waiver therein. Instead, Petitioner has only challenged the attorney's failure to file an appeal - a right which Petitioner had previously waived.

Furthermore, Petitioner acknowledged in the Plea Agreement that he knowingly and voluntarily waived and relinquished his rights to direct appeal and collateral attack. Petitioner does not challenge this acknowledgment in his Motion, nor does he claim that his counsel was ineffective in helping him to understand this acknowledgment. For these reasons, this Court finds that enforcing the waiver in the Plea Agreement would not result in a miscarriage of justice and therefore Petitioner's claims regarding the ineffectiveness of his counsel are waived.

Petitioner also claims that he is entitled to an evidentiary hearing. [Civ. Doc. No. 1] 28 U.S.C. § 2255(b) requires the court to conduct a hearing on motions arising under that section "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As stated above, Petitioner's claim of ineffective assistance of counsel falls within the scope of the valid waiver in his plea agreement. Petitioner has not alleged any set of facts which would entitle him to § 2255 relief. Therefore, this Court finds that an evidentiary hearing is not necessary because the record conclusively shows that Petitioner is entitled to no relief. *See U.S. v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

## **CONCLUSION**

For the reasons cited herein, Petitioner Porfirio Gatica-Rodriguez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. No. 1] is hereby **DENIED**.

**IT IS SO ORDERED** this 25th day of October, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma