IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PORFIRIO GATICA-RODRIGUEZ, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-060-JHP |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Defendant/Petitioner Porfirio Gatica-Rodriguez's ("Defendant") "Pro Se Motion Requesting the Court with the Consent of the Government to Reduce His Sentence to a More Fair and Just Sentence Pursuant to the Holloway Doctrine." (Doc. No. 59). Defendant argues his sentence is excessive and asks the Court to reduce his sentence in the interests of justice and fairness. The Government opposes Defendant's motion. (Doc. No. 63). For the reasons stated below, Defendant's Motion is **DENIED**.

## BACKGROUND

On June 18, 2009, after initially being charged via Complaint, a federal grand jury indicted Defendant with one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. No. 1 (Complaint); Doc. No. 14 (Indictment)). Defendant pleaded guilty pursuant to a sealed written plea agreement. (Doc. No. 31 (Minutes of Change of Plea Hearing); Doc. No. 36 (Sealed Plea Agreement)).

In advance of sentencing, the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSR"), in which Defendant was assigned an offense level of 33 based on the amount of methamphetamine possessed (at least 500 grams but less than 1.5 kilograms) and a three-level reduction for acceptance of responsibility. (PSR ¶¶ 17, 23, 24). The Probation Office

determined Defendant had a total of six criminal history points, resulting in a Category III criminal history designation. (PSR ¶ 33). Based on his offense level of 33 and a criminal history designation of Category III, his advisory imprisonment range was 168-210 months. (PSR ¶ 48).

However, Defendant was determined to be a Career Offender, based on two prior convictions for controlled substance offenses. (PSR ¶ 25). The Career Offender determination raised Defendant's offense level to 34 and criminal history category to Category VI, which resulted in an advisory imprisonment range of 262-327 months. (PSR ¶¶ 25, 33, 49).

At sentencing, the Court found Defendant to be a Career Offender subject to an enhanced guideline calculation. (*See* Doc. No. 43 (Minute Sheet – Sentencing)). The Court sentenced Defendant to imprisonment for 262 months on Count 1 of the Indictment. (Doc. No. 44 (Judgment)). Within one year of his sentence becoming final, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 47). Defendant alleged his counsel was ineffective for failing to file an appeal on his behalf. On October 25, 2010, the Court denied Defendant's § 2255 motion in its entirety. (Doc. No. 5 in Case No. 10-CV-202-JHP).

Thereafter, Defendant sought authorization to file a second or successive § 2255 motion to challenge the use of his prior convictions to designate him as a career offender, pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Doc. Nos. 50, 51). The Tenth Circuit Court of Appeals denied Defendant's motion for authorization, finding the Supreme Court did not make *Alleyne* retroactive to cases on collateral review. (Doc. No. 55). Next, Defendant sought reduction of his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines, which reduced the base offense level for many drug offenses by two levels. (Doc. No. 56). However, the Court denied relief, because Defendant had been sentenced based on the

Career Offender guideline rather than the drug quantity involved in his case, making him ineligible for a reduction under Amendment 782. (Doc. No. 58).

In the present motion, Defendant seeks a reduction of his sentence pursuant to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

## DISCUSSION

Defendant seeks to reduce his sentence under what he calls the "Holloway Doctrine," which takes its name from a case filed in the Eastern District of New York, *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Defendant describes the Holloway Doctrine as "recogniz[ing] that District courts have the discretion, inherent in our American system of justice, to subsequently reduce a defendant[']s sentence in the interest of fairness [ e]ven after all appeals and collateral attacks have been exhausted, and there is neither a claim of innocence nor any defect in the 'conviction or sentence' when it has clearly been demonstrated that the original sentence sought by the United States and imposed by the court (even when mandated by law) is revealed to be disproportionately severe." (Doc. No. 59, at 2).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). In *Holloway*, the district court permitted a sentence reduction in the "spirit of fairness," using the authority of Federal Rule of Civil Procedure 60(b) to revisit the defendant's excessive sentence. 68 F. Supp. 3d at 311, 314. The defendant in *Holloway* stole three cars at gunpoint over the course of two days. *Id.* at 312. Each carjacking was charged as a separate count, accompanied by three separate charges for crimes of violence under 18 U.S.C. § 924(c) for use of a gun during each carjacking. *Id.* Holloway went to trial and was convicted on all counts. *Id.* Under the then-mandatory Sentencing Guidelines,

he was sentenced to 151 months in prison for the carjacking counts. *Id.* He was also sentenced to mandatory consecutive sentences on the three § 924(c) counts: 5 years for the first conviction and 20 years each for the other two convictions. *Id.* The § 924(c) sentences were required by statute to run consecutively to each other and to the carjacking sentence, which resulted in a total sentence of 691 months, or 57 years and 7 months. *Id.* at 312-313. Both the Second Circuit and the United States Supreme Court affirmed the convictions and sentence. *Id.* at 313. The district court denied Holloway's § 2255 petition, and the Second Circuit declined to issue a certificate of appealability. *Id.* The Second Circuit also denied Holloway's request to file a successive § 2255 petition. *Id.* at 313-14.

After serving approximately twenty years of his sentence, Holloway filed a motion to reopen his § 2255 proceeding under Rule 60(b) of the Federal Rules of Civil Procedure, based on the unduly harsh sentence produced from the mandatory "stacking" of the § 924(c) counts. *Id.* at 314. District Judge John Gleeson, the sentencing judge, thereafter asked the United States Attorney to "consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions" so he could face a more just resentencing. *Id.* After initially declining Judge Gleeson's request, the United States Attorney ultimately agreed to withdraw her objection to Holloway's Rule 60(b) motion and agreed to the vacating of two of Holloway's § 924(c) convictions, so that Judge Gleeson could resentence Holloway based on the remaining convictions. *Id.* at 314-16.

The prosecutor's decision was based on her office's view "that this is both a unique case and a unique defendant in many ways." *Id.* at 315. The prosecutor believed this case was unique, partly because of Holloway's exemplary prison record—Holloway had only a few minor infractions, and he had taken advantage of educational and other opportunities in prison. *Id.* The

4

prosecutor also indicated the victims of Holloway's crimes supported Holloway's release, which made Holloway's case unique. *Id.* The Assistant United States Attorney took care to emphasize the unique nature of Holloway's case: "I want to be clear on this point—that the United States Attorney's position in this case shouldn't be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases." *Id.* The Court then vacated two of Holloway's three § 924(c) counts. *Id.*

In this case, Defendant now relies on the Holloway Doctrine in requesting his conviction be vacated and his sentence be reduced to be more fair and just. No Circuit Court has yet addressed *Holloway*. Nor has there been a consistent application of *Holloway* among the district courts that have considered the case: *See, e.g., Wade v. United States*, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) (finding "no basis to apply the benefits of the *Holloway* decision, a New York federal district court ruling, to Wade's criminal cases"); *United States v. Horton*, 2016 U.S. Dist. LEXIS 78611, at *3 (E.D.N.C. June 16, 2016) (viewing the Holloway Doctrine as not so much a doctrine, but as "a single case carrying no precedential weight in this court."). *But see United States v. Ezell*, 2015 U.S. Dist. LEXIS 109814, at *39 (E.D. Pa. Aug. 18, 2015) (encouraging the prosecutor to request a reduction of the defendant's sentence as in *Holloway*); *United States v. Trader*, 2015 WL 4941820, at *16 (E.D. Pa. Aug. 19, 2015) (requesting the prosecutor to consider withdrawing an Information so the court may impose a sentence that "better serves the interests of justice"); *United States v. Egipciaco*, 2016 U.S. Dist. LEXIS 5458, at * (S.D.N.Y. Jan. 15, 2016) (same).

This district has been presented twice with *Holloway* claims, with different results. In *United States v. Hutching*, Judge Frank Seay dismissed the defendant's request for resentencing under *Holloway* for lack of jurisdiction. *See* Doc. No. 944 in Case No. 92-CR-32-FHS (Order

dated May 5, 2016). By contrast, in *United States v. Rivera*, Judge Seay granted the immediate release of a defendant with no objection from the Government. *See* Case Nos. 83-CR-96-01-FHS and 83-CR-138-FHS-02 (Order dated Sept. 15, 2015). The defendant in *Rivera* had been convicted in 1985 of conspiracy and various drug distribution counts for his role in a cocaine smuggling operation. He ultimately received consecutive sentences totaling 80 years on eight counts, and he was sentenced to life on a rarely-used Continuing Criminal Enterprise count. Rivera was sentenced at a time when the Guidelines were mandatory, and at a time when the drug sentencing Guidelines reflected much longer sentences than in more recent years. During his 30 years in federal custody, Rivera did not have a single disciplinary action. In 2015, following Rivera's unopposed motion for relief pursuant to *Holloway*, Judge Seay vacated the Continuing Criminal Enterprise count and reduced Rivera's sentence to a total of 30 years, which effectuated Rivera's immediate release from prison. *Id.*

However broadly the Holloway Doctrine might be applied, the Court declines to apply it here for several reasons. First, *Holloway* is a district court decision from another jurisdiction and has no controlling effect on this court. Second, a threshold requirement for its application is that the Government must agree to a reduced sentence. Here, the Government does not agree to a reduction of Defendant's sentence. This Court has no authority to grant what is in essence a plea for mercy, absent the Government's agreement.

Third, the facts here are notably different from those in *Holloway*. Defendant has not identified any aspect of his sentencing that is unduly harsh or unfair, as compared to Holloway's sentence based on mandatory "stacked" § 924(c) counts. Defendant's arguments in favor of a reduced sentence are not unique but rather are common to drug offenders with long sentences—he cannot be a father to his children while incarcerated; he will have spent almost half his life in

prison once released; it will be difficult for him to obtain employment once released; his crimes were the result of addiction; and, because of the career offender enhancement, his sentence is longer than those imposed on other major drug traffickers. (Doc. No. 59, at 2-3, 6-10).[1] Moreover, Defendant's "exemplary" behavior in prison and completion of educational and rehabilitative programs at the Bureau of Prisons (*see* Doc. No. 59, at 3, 8), while commendable, do not themselves provide a basis for resentencing. *See United States v. Garcia-Emanuel*, 112 F. App'x 713, 715 (10th Cir. 2004) ("post-sentence rehabilitation is not a factor considered under § 3582(c)(2) for the purpose of modifying a sentence, and therefore, the district court clearly lacked authority to reduce his sentence on that basis."). In addition, Defendant's sentence of 262 months (more than 21 years) is far shorter than Holloway's sentence of 691 months (more than 57 years).

Finally, the *Holloway* decision itself does not provide the required statutory basis for resentencing under Tenth Circuit law. *See Smartt*, 129 F.3d at 540. Therefore, this Court lacks the jurisdiction to modify Defendant's sentence. Even if the Court had jurisdiction, the facts here are not analogous enough to those in *Holloway* to warrant similar relief.

## CONCLUSION

For the foregoing reasons, Defendant's "Pro Se Motion Requesting the Court with the Consent of the Government to Reduce His Sentence to a More Fair and Just Sentence Pursuant to the Holloway Doctrine" (Doc. No. 59) is **DENIED**.

---

[1] Defendant refers to findings by the Charles Colson Task Force on Federal Corrections, which propose a "second look provision" to authorize resentencing for offenders who have served more than fifteen years of their sentence. (Doc. No. 59, at 6-7). However, even if Congress implemented such a proposal, Defendant would not yet be eligible for such relief, because he has served less than ten years of his sentence.

7

IT IS SO ORDERED this 10th day of May, 2017.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma